**UNITED STATES of America, Appellee**

v.

**Juan Del Cid MORALES, Appellant.**

No. 08–3038.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 5, 2010.

Rehearing En Banc Denied
Dec. 15, 2010.

Roy W. McLeese, III, U.S. Attorney's Office, Stephan E. Oestreicher, Jr., Teresa A. Wallbaum, Lanny A. Breuer, Brian M. Tomney, Tritia Lindsay Yuen, U.S. Department of Justice, Washington, DC, for Appellee.

Manuel J. Retureta, Retureta & Nassem, PLLC, Washington, DC, for Appellant.

Before: SENTELLE, Chief Judge, and TATEL and GRIFFITH, Circuit Judges.

## JUDGMENT

PER CURIAM.

Upon consideration of the record from the United States District Court for the District of Columbia and the briefs and arguments of the parties, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be affirmed.

Raising numerous issues, appellant Juan Del Cid Morales appeals his conviction and sentence for conspiring to distribute cocaine. Morales begins by arguing that an impermissible variance exists between the single conspiracy charged in the indictment and the trial evidence which showed, according to Morales, three separate and distinct conspiracies. But although some of the details and participants of the conspiracy changed, the overarching purpose throughout the relevant time period was to transport cocaine through Guatemala to the United States, resulting in a single conspiracy. *See United States v. Tarantino,* 846 F.2d 1384, 1392–93 (D.C.Cir.1988).

Morales also argues that the trial court erred when it admitted items seized from Morales and two of his co-conspirators at the time of their arrest by Salvadoran authorities; according to Morales, a proper chain of custody regarding the items was never established. We need not determine, however, whether the trial court erred in admitting the items because any chain of custody error would have been harmless "in light of its limited importance and the strength of the other evidence against [Morales]." *United States v. Mejia,* 597 F.3d 1329, 1337 (D.C.Cir.2010).

Morales further claims that his constitutional rights were violated when the trial court denied his motion to suppress statements made by him during his interrogation by federal agents; he claims that he did not voluntarily, knowingly, and intelligently waive his constitutional rights against self-incrimination. The trial court found, however, that Morales was read his rights in Spanish before being interrogated, that he acknowledged his understanding of them and then waived them in writing, and that he was a reasonably intelligent adult who could comprehend what was read aloud in his native language. These findings by the trial court resolve the issue in favor of the United States. *See United States v. Yunis,* 859 F.2d 953, 958–59, 961, 965–66 (D.C.Cir. 1988).

We have considered the remaining arguments of Morales and conclude they are without merit.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc*. *See* FED R.APP. P. 41(b); D.C.CIR. R. 41.